UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10997 PBS

| | |
|---|---|
| BOSTON WAREHOUSE TRADING CORP., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| v. ) | |
| ) | |
| THE IDEA GROUP, INC., MAGISTRATE JUDGE Alexander ) | |
| ) | |
| Defendant. ) | |

RECEIPT # 56011
AMOUNT $ 150
SUMMONS ISSUED: Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5/18/04

## COMPLAINT

1.  Plaintiff brings this action for a declaratory judgment, declaring that plaintiff does not infringe certain patents, that those patents are invalid and unenforceable, and plaintiff has no liability to defendant.

### Parties

2.  Plaintiff Boston Warehouse Trading Corp. ("Boston Warehouse") is a Massachusetts corporation with its principal place of business in Norwood, Massachusetts.

3.  Defendant The Idea Group, Inc. transacts business under the name Gemware and, on information and belief, is a corporation organized under the laws of a state other than Massachusetts and has a principal place of business outside of Massachusetts. The Idea Group, Inc. is referred to herein as "Gemware."

### Jurisdiction

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338, 1331 and 2201, as this action arises under federal statutes relating to patents. In addition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Boston Warehouse and Gemware

are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Gemware, as Gemware regularly transacts and solicits business in Massachusetts. In addition, this action arises out of Gemware's transacting business in Massachusetts, Gemware's contracting to supply things and/or services in Massachusetts and/or Gemware's causing tortious injury through conduct in and outside Massachusetts.

### Venue

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### Facts

7. Gemware has alleged that it is the owner of United States Patent No. 6,293,034 (the `034 patent).

8. Gemware has alleged that it is the owner of United States Patent No. 6,530,163 (the `163 patent).

9. By letter dated April 1, 2004, Gemware, through its counsel, asserted that certain articles marketed by Boston Warehouse under the name "wine markers" infringed the `034 patent and `163 patent; Gemware demanded that Boston Warehouse arrange for a license under those patents.

10. By letter dated April 29, 2004, Boston Warehouse, through its counsel, denied that Boston Warehouse's sale of the products referenced in the Gemware letter infringed any claims in the `034 patent or the `163 patent. Further, Boston Warehouse reserved all contentions and defenses regarding invalidity and unenforceability of the two patents.

11. In subsequent correspondence, Gemware reiterated its claims of patent

infringement against Boston Warehouse, and Boston Warehouse reasserted its contention that it does not infringe any claims in the `034 patent or the `163 patent.

12. An actual controversy exists between Gemware and Boston Warehouse concerning whether Boston Warehouse infringes the `034 patent and the `163 patent and whether such patents are valid and enforceable.

## COUNT I

13. Boston Warehouse incorporates by reference the allegations of paragraphs 1 through 12, above.

14. An actual controversy exists between Gemware and Boston Warehouse. Gemware contends that Boston Warehouse infringes the `034 patent. Boston Warehouse contends that it does not infringe the `034 patent and, in addition, contends the `034 patent is invalid and unenforceable.

15. Pursuant to 28 U.S.C. § 2201, the Court should declare that Boston Warehouse does not infringe the `034 patent and has no liability to Gemware. In addition, the Court should declare that the `034 patent is invalid and unenforceable.

## COUNT II

16. Boston Warehouse incorporates by reference the allegations of paragraphs 1 through 12, above.

17. An actual controversy exists between Gemware and Boston Warehouse. Gemware contends that Boston Warehouse infringes the `163 patent. Boston Warehouse contends that it does not infringe the `163 patent and, in addition, contends the `163 patent is invalid and unenforceable.

18. Pursuant to 28 U.S.C. § 2201, the Court should declare that Boston Warehouse

does not infringe the `163 patent and has no liability to Gemware. In addition, the Court should declare that the `163 patent is invalid and unenforceable.

## REQUESTS FOR RELIEF

Plaintiff Boston Warehouse respectfully requests the Court enter final judgment as follows:

A. Pursuant to 28 U.S.C. § 2201, declare that (1) Boston Warehouse does not infringe the `034 patent, (2) the `034 patent is invalid and unenforceable and (3) Boston Warehouse has no liability to Gemware.

B. Pursuant to 28 U.S.C. § 2201, declare that (1) Boston Warehouse does not infringe the `163 patent, (2) the `163 patent is invalid and unenforceable, and (3) Boston Warehouse has no liability to Gemware.

C. Award Boston Warehouse its reasonable attorney's fees and costs of this action.

D. Enter such further and other relief as the Court deems just.

BOSTON WAREHOUSE TRADING CORP.

By its attorneys

T. Christopher Donnelly (BBO# 129930)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: May 18, 2004